UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.   EP-06-CR-1261-FM |
| | ) | |
| JUAN CARLOS RUFFIER | ) | |

**MOTION TO ORDER CONTACT VISITS
AND SUPPORTING MEMORANDUM**

JUAN CARLOS RUFFIER, an individual who has been held in pretrial confinement on parental kidnapping and threat charges since March 2017, moves the Court for an order directing the detention facility personnel to allow him contact visits with his attorneys, their legal team, and their investigator until the completion of the trial herein.

**1.  FACTS**

This case arises out of a parental custody battle in 2005, and involves extensive communications by email, text, and other messaging services.  The communications germane to the case are voluminous, comprising a number of DVDs, and are far too long to print out.  Mr. Ruffier turned himself in on this case on approximately March 8, 2004, and has been continuously held in pretrial detention since that date.  At the detention hearing, Magistrate Judge Berton ordered him detained and he has been held in the El Paso Detention Facility ("the jail) pursuant to that order.

The jail has a policy of refusing to refuse to permit contact visits with an inmate, or even a presumptively-innocent pretrial detainee such as Mr. Ruffier, and refusing to allow attorneys to bring a laptop computer into the jail with them, absent a court order.  This case involves a number of alleged communications via computer containing what the Government alleges are threats by

Mr. Ruffier, and counsel need to take a laptop computer into the visit in order to go over the evidence with Mr. Ruffier.  Many of the statements are ambiguous and, without the context Mr. Ruffier could provide, are subject to multiple interpretations, and counsel need to go over the specific evidence and the alleged threats with him. However, his defense team are unable to even review the discovery and the alleged threats with him due to the jail's policy of refusing to permit such.  Contact visits and taking the laptop computer are necessary to allow counsel to go over documents with Mr. Ruffier in this document-intensive case and prepare him for trial and possible testimony.

His attorneys need to meet with him in person to prepare for trial and to go over the evidence with him, not merely shove a few representative samples through a partition.  In the event he decides to testify, they will also need to meet with him to prepare him for direct and cross examination.

## 2. PRETRIAL DETENTION WHICH PREVENTS TRIAL PREPARATION AND ATTORNEY-CLIENT CONTACT WOULD VIOLATE THE SIXTH AMENDMENT RIGHT TO COUNSEL

Pretrial detainees have a constitutionally protected right to the effective assistance of counsel, and detention which interferes with or inhibits the detainee's ability to consult with counsel and prepare for his trial and for testimony violates this right.  *Cobb v. Aytch*, 643 F.2d 946, 957 (3d Cir. 1981).

> As the Supreme Court has recognized, "to deprive a person of counsel during the period prior to trial may be more damaging than denial of counsel during the trial itself."  *Maine v. Moulton,* 474 U.S. 159, 170, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985).  *See also Wolfish v. Levi,* 573 F.2d 118, 133 (2d Cir.1978) ("[O]ne of the most serious deprivations suffered by a pretrial detainee is the curtailment of his ability to assist in his own defense."), *rev'd on other grounds, Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Johnson-El v. Schoemehl,* 878 F.2d 1043, 1051 (8th Cir.1989) (when pretrial detainees' interest in effective

2

communication with attorneys is "inadequately respected during pre-trial confinement, the ultimate fairness of their eventual trial can be compromised").

*Benjamin v. Fraser*, 264 F.3d 175, 185 (2d Cir. 2001).

The issue before the court in *Benjamin* was the propriety of the district court's refusal to terminate a consent decree against the City of New York's practices in housing pretrial detainees which interfered with their ability to meet with their lawyers. The court found that defense attorneys routinely faced unpredictable, substantial delays in meeting with clients detained at Department facilities and are forced to wait between 45 minutes and two hours, or even substantially longer, after arriving at a facility to see a client. *Id*. at 179. The court applied by analogy the Supreme Court's standard from *Procunier v. Petrovic,* 416 U.S. 396, 419 (1974), *overruled in part on other grounds by Thornburgh v. Abbott,* 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989). The analysis under *Procunier* asks whether the challenged practice "unjustifiably obstruct[s] the availability of professional representation or other aspects of the right of access to the courts." *Procunier* at 419. In the *Benjamin* case, the Third Circuit held the finding that the restrictions did indeed unjustifiably obstruct the detainees' access to counsel to be amply supported by the record, even though the challenged practices merely involved unpredictable delays of an hour or two.

If delays in an attorney being able to visit his client constitute an unjustifiable obstruction, outright <u>prevention</u> of that contact and preparation through preventing him from being able to meet privately with the client to review specific entries in specific computer documents with the client and, if necessary, prepare him for testimony, constitutes an even more severe and unjustifiable obstruction. The privacy of communications between attorney and client is crucial to the attorney-client relationship and effective assistance of counsel. *Al Odah v. United States*, 2004

3

WL 2358254 (D. D.C. Oct. 20, 2004). Even in the context of post-conviction representation, two districts have held that prohibition of contact visits between attorney and client unjustifiably interferes with the prisoner's right of access to the courts. *See Mann v. Reynolds*, 46 F.3d 1055, 1060-61 (10th Cir. 1995); *Ching v. Lewis*, 895 F.2d 608, 610 (9th Cir. 1990). The court in *Ching* expressly held that "a prisoner's right of access to the courts includes contact visitation with his counsel." *Id*.

If such visits are inherently necessary as part of an <u>already-convicted prisoner</u>'s right of access to the courts, it is all the more necessary to the effective assistance of counsel at the trial which will determine guilt or innocence in the first place. This is particularly true in a case such as this prosecution, which depends heavily on documentary evidence on DVDs, much of which will require the assistance of the client for the attorney to interpret, and the assistance of the attorney for the client to understand the legal implications.

### 3.  Mr. Ruffier needs to be able to meet with the entire defense team

The Federal Public Defender (FPD) personnel covered by this order are Supervisory AFPD Reginaldo Trejo, AFPD Manuel Acosta, FPD Investigator Charlie Ortega, and FPD Paralegal Cynthia Hernandez. As noted above, the visits will be worthless unless the defense team can bring in a laptop or tablet computer and go over the evidence with Mr. Ruffier, and he thus requests that the Order cover that as well.

WHEREFORE, Defendant respectfully requests this Court grant his motion to order contact visits with Mr. Ruffier's defense team and grant such further relief as may be just.

Respectfully submitted.

MAUREEN SCOTT FRANCO
Federal Public Defender


/s/
MANUEL ACOSTA-RIVERA
Assistant Federal Public Defender
Western District of Texas
700 E. San Antonio, D-401
El Paso, Texas 79901
(915)534-6525
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on the 12 day of May, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Adrian Gallegos; Assistant U.S. Attorney; 700 E. San Antonio, 2nd Floor; El Paso, Texas 79901.


/s/
MANUEL ACOSTA-RIVERA
*Attorney for Defendant*

5

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. EP-06-CR-1261-FM** |
| | ) | |
| **JUAN CARLOS RUFFIER** | ) | |

**ORDER**

On this day came on to be considered the Motion to Order Contact Visits filed by the Defendant in the above styled and numbered cause. After considering the evidence and arguments in this matter, the Court is of the opinion that the motion should be granted.

It is therefore ORDERED that the personnel of the El Paso County Detention Facility permit contact visits between the Defendant and his defense team, to include the following persons: Supervisory AFPD Reginaldo Trejo, AFPD Manuel Acosta, FPD Investigator Charlie Ortega, and FPD Paralegal Cynthia Hernandez.

The Court further Orders that the listed personnel are to be permitted to bring a laptop computer or tablet with them for any such visit.

SIGNED this _____ day of _____, 2017.

FRANK MONTALVO
UNITED STATES DISTRICT JUDGE