# FEDERAL PUBLIC DEFENDER

WESTERN DISTRICT OF TEXAS

**MAUREEN SCOTT FRANCO**
FEDERAL PUBLIC DEFENDER

DONNA F. COLTHARP
DEPUTY DEFENDER

DARREN L. LIGON
JOSEPH A. CORDOVA
REGINALDO TREJO, JR.
CHRISTOPHER J. CARLIN
HORATIO R. ALDREDGE
BIANCA ROCHA DEL RIO
SUPERVISORY ASSISTANTS

RICHARD C. WHITE FEDERAL BUILDING
700 E. SAN ANTONIO AVENUE, SUITE D-401
EL PASO, TEXAS 79901-7020

TELEPHONE
(915) 534-6525
TOLL FREE
(855) 666-1510
FACSIMILE
(915) 534-6534
─────────
SAN ANTONIO
AUSTIN
DEL RIO
PECOS
ALPINE

June 12, 2017

Adrian E. Gallegos
U.S. Attorney's Office
700 E. San Antonio Ave.
El Paso, TX 79901

**Re: USA v. JUAN CARLOS RUFFIER,**
   **EP-06-CR-1261-FM**

Dear Mr. Gallegos:

I am writing to request discovery (inspect and copy) in the above-mentioned case pursuant to Federal Rules of Criminal Procedure 12, 16, and 26.2; *Brady v. Maryland*, 373 U.S. 83 (1963), and all other applicable rules and statutes. I look forward to your response on or before June 26, 2017.

To the extent any discovery exists that was not already disclosed, Mr. Ruffier requests discovery in accordance with Rule 16. This request includes disclosure of the substance of Mr. Ruffier's oral statements; his written or recorded statements; his prior record; items within the government's possession, custody, or control that (a) are material to preparing the defense, (b) the Government intends to use in its case-in-chief at trial, or (c) were obtained from or belong to Mr. Ruffier; results of reports of physical or mental examination and of scientific tests or experiments made in connection with the case, if any; and a written summary of any anticipated expert witness's testimony describing that witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. *See* FED. R. CRIM. P. 16(a)(1)(A), (B), (D), (E)-(G), FED. R. EVID. 705.

In addition to the general discovery request of the preceding paragraph, Mr. Ruffier specifically requests the following:

1) <u>Tangible Objects & *Brady* Material</u> The Defendant requests, under Federal Rule of Criminal Procedure 16(a)(1)(E), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects in the Government's possession, including books, papers, documents, data, photographs, tangible objects, buildings or places, or copies of any of these items that are material to the defense, intended for use in the Government's case-in-chief, or were obtained for or belong to the Defendant. The Defendant also requests all documents, statements, agents' reports, and tangible evidence favorable to the Defendant on the issue of guilt and/or which affects the credibility of the Government's case. Impeachment as well as exculpatory evidence falls within *Brady*'s definition of evidence favorable to the accused. *United States v. Bagley*, 473 U.S. 667, 676 (1985); *Giglio v. United States*, 405 U.S. 150, 154-55 (1972).

   This request includes but is not limited to:

   a. **Evidence related to the relationship between FBI Special Agent James A. Rankine and Wenda Ferrell at the time of Mr. Ruffier's alleged threats.** The Government alleges that Mr. Ruffier kidnapped a child (J.R.) on or about April 15, 2005. This alleged kidnapping occurred with the knowledge and assistance of his wife at the time, Ferrell.[1] (Complaint, ECF No. 3 at 7.) Mr. Ruffier and Ferrell also had a child together. Agent Rankine interviewed Ferrell prior to preparing the criminal complaint and affidavit filed on November 16, 2005, alleging that Mr. Ruffier violated 18 U.S.C. § 1204. At some point on or about November 16, 2005, Agent Rankine and Ferrell began seeing each other socially, attending events together, and dating. Mr. Ruffier allegedly threatened both Rankine (allegedly February 3, 2006) and Ferrell (allegedly May 2, 2006). Additionally, from 2007 to 2008, Ferrell represented Rankine in his divorce. The nature of the relationship between Agent Rankine and Ferrell is relevant to whether Mr. Ruffier threatened Rankine with intent to impede, intimidate, interfere with, or retaliate against Rankine on account of the performance of Rankine's official duties as opposed to Rankine dating Ferrell. *See* 18 U.S.C. § 115(a)(1)(A) (Count Three). Similarly, it is relevant to whether Mr. Ruffier threatened Ferrell with intent to retaliate against her for providing information to Rankine. *See* 18 U.S.C. § 1513(b) (Count Five). Additionally, this evidence of bias and motive must be disclosed under *Bagley/Giglio* to be used for impeachment during the anticipated testimony of Agent Rankine and Ferrell.

      Accordingly, Mr. Ruffier requests the following:

      i. Any written or recorded verbal communications between Agent Rankine and Ferrell from April 15, 2005, to present. This would include communications that are in the Government's possession because they exist on any device that Rankine used for official business to which the Government has access in addition to any communications the Government obtained otherwise. These communications are relevant to the defense and also impeachment evidence.

---

[1] According to Government reports, Mr. Ruffier and Ferrell were married in Las Vegas, Nevada, on November 4, 2004, but Mr. Ruffier's divorce from his first wife was not finalized until April 1, 2005.

      *See* FED. R. CRIM. P. 16(a)(1)(E); *Giglio v. United States*, 405 U.S. 150 (1972). Should the Government believe any such communications cannot be disclosed to Mr. Ruffier, he requests that they be provided to the district court for an *in camera* review to determine whether they should be released to Mr. Ruffier.

    ii. Any photographs of Agent Rankine and Ferrell together April 15, 2005, to present or photographs taken by either Rankine or Ferrell of the other.

    iii. See paragraph 2 for additional requests regarding the nature of Agent Rankine and Ferrell's relationship.

b. **Evidence related to the Government's efforts to locate Mr. Ruffier.** The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial[.]" U.S. CONST. amend VI. To determine whether a delay violates this constitutional guarantee, courts consider four factors: "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Doggett v. United States*, 505 U.S. 647, 651 (1992) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). Mr. Ruffier's request for evidence material to his defense includes:

    i. Due diligence reports by the U.S. Marshals Service;

    ii. Reports by any other investigative agency regarding attempts to locate Mr. Ruffier and bring him to justice for the charged offenses; and

    iii. Evidence of attempts to extradite Mr. Ruffier to the United States.

2) <u>Impeachment and Credibility of Prospective Government Witnesses</u> Impeachment as well as exculpatory evidence falls within *Brady*'s definition of evidence favorable to the accused. *United States v. Bagley*, 473 U.S. 667, 676 (1985).

  a. Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), the Defendant requests all statements and/or promises, express or implied, made to any Government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any Government witnesses.

  b. The Defendant requests any evidence that any prospective Government witness is biased or prejudiced against the Defendant, or has a motive to falsify or distort his or her testimony. *See Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Williams*, 194 F.3d 886, 888 (8th Cir. 1999); *Tejada v. Dugger*, 941 F.2d 1551, 1558 (11th Cir. 1991); *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988). See request above for evidence regarding the relationship between Agent Rankine and Ferrell.

  c. The Defendant requests any evidence that any prospective Government witness has engaged in any criminal act, whether or not resulting in a conviction, including any

such witness' use of controlled substances or abuse of alcohol, and whether any witness has made a statement favorable to the Defendant. *See* FED. R. EVID. 608, 609 & 613. Such evidence is discoverable under *Brady*, 373 U.S. at 83. *See Strifler*, 851 F.2d at 1202. See request above for evidence regarding the relationship between Agent Rankine and Ferrell.

d.  The Defendant requests any evidence that any prospective Government witness is under investigation by federal, state or local authorities for any criminal conduct. *See United States v. Chitty*, 760 F.2d 425, 428 (2d Cir.), *cert. denied*, 474 U.S. 945 (1985).

e.  The Defendant requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective Government witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *See Strifler*, 851 F.2d at 1202; *Chavis v. North Carolina*, 637 F.2d 213, 224-25 (4th Cir. 1980).

f.  Lastly, the Defendant requests that the Government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the Government, for all testifying witnesses, including Agent Rankine and any other testifying current or former law enforcement officials. The Defendant requests that these files be reviewed by the Government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under *United States v. Henthorn*, 931 F.2d 29, 30-31 (9th Cir. 1991). *See United States v. Jennings*, 960 F.2d 1488, 1492 (9th Cir. 1992). For Rankine, such conduct would also include having inappropriate relationships with cooperating witnesses. Mr. Ruffier requests that the Government disclose evidence of any perjurious conduct or other material relevant to impeachment.

Furthermore, given Agent Rankine's inappropriate and unethical involvement with Ferrell, a cooperating witness who could have been charged with a crime based on the Government's allegations, Mr. Ruffier requests that the Government provide Rankine's personnel file to the district court for an *in camera* review to determine See request above for evidence regarding the relationship between Agent Rankine and Ferrell, as well as any other inappropriate or unethical relationships with other witnesses or accused persons.

3)  <u>Jencks Act Material</u> The defense requests all material to which the Defendant is entitled pursuant to the Jencks Act, 18 U.S.C.§ 3500, and Federal Rule of Criminal Procedure 26.2. The Defendant specifically requests pretrial production of these statements so that the court may avoid unnecessary recesses and delays for defense counsel to properly use any Jencks statements and prepare for cross-examination. This includes but is not limited to Grand Jury testimony transcript.

4) <u>Evidence Seized</u> The Defendant requests the opportunity to inspect and to copy or photograph evidence seized as a result of any search, either warrantless or with a warrant. FED. R. CRIM. P. 16(a)(1)(E).

5) <u>Other Crimes, Wrongs or Acts</u> The Defendant requests any evidence covered by Federal Rule of Evidence 404(b) that the Government intends to offer at trial and notice of the Government's intent to offer such evidence.

6) <u>Expert Witnesses</u> Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), the Defendant requests disclosure of the identities, qualifications, and testimony of any expert witnesses the Government intends to call at trial, including a summary of such witnesses opinions, copies of any summaries or reports made, underlying data the expert relies on, the expert's resume and a list of cases in which he had previously testified. *See* FED. R. EVID. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-94 (1993); *United States v. Holland*, 223 F. App'x 891, 894 (11th Cir. 2007).

7) <u>Request for Preservation of Evidence</u> The Defendant specifically requests that all videotapes, dispatch tapes, or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the Government and which relate to the arrest or the events leading to the arrest in this case be preserved, including but not limited to:

   a. That the Government, including this Office and agents and agencies involved in this arrest and investigation, preserve the agents' notes and reports related to any investigation of the alleged facts forming the basis of this case. Preservation of rough notes is specifically requested whether or not the Government deems them discoverable at this time. *See Arizona v. Youngblood*, 488 U.S. 51, 58 (1988); *United States v. Bufalino*, 576 F.2d 446, 449 (2d Cir. 1978); *see also* 18 U.S.C. § 3550; *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Welch*, 810 F.2d 485, 490 (5th Cir. 1987).

   b. That the Government, including this Office and agents and agencies involved in this arrest and investigation, preserve the any audio or video recordings of any undercover operations and any witness interviews.

   c. That the Government, including this Office and agents and agencies involved in this arrest, search warrant execution, and investigation, preserve all seized items.

8) <u>Statements Relevant to the Defense</u> The Defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. *United States v. Van Poyck*, 77 F.3d 491 (9th Cir. 1996) (quoting *United States v. Bailleaux*, 685 F.2d 1105 (9th Cir. 1982)). This includes in particular any statements by percipient witnesses. Specifically, Mr. Ruffier requests disclosure of:

   a. Any exculpatory statements made by Agent Rankine or Ferrell regarding their relationship with each other or Mr. Ruffier's reaction to learning of their relationship.

9) <u>Transcripts</u> The defense requests any transcripts of any witness statements, to include any statements made by Mr. Ruffier during the course of the instant investigation as well as prior investigations.

10) <u>Names of Witnesses Favorable to the Defendant</u> The Defendant requests the name of any witness who made an arguably favorable statement concerning the Defendant. *Jackson v. Wainwright*, 390 F.2d 288, 298 (5th Cir. 1968); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir.), *cert. denied*, 439 U.S. 883 (1978).

11) <u>Arrest Reports, Notes and Dispatch Tapes</u> The Defendant specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest, the search warrant executions, or any questioning be turned over. This request includes, but is not limited to, any rough notes, records, reports, transcripts, audiotape or videotape recordings, or other documents in which statements of the Defendant or any other discoverable material is contained. This is discoverable under Federal Rule of Criminal Procedure 16(a)(1)(E) and *Brady v. Maryland*, 373 U.S. 83 (1963). *See also Loux v. United States*, 389 F.2d 911, 922 (9th Cir. 1968); *United States v. Lewis*, 511 F.2d 798, 801-02 (D.C. Cir. 1975).

    Arrest reports, investigators' notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the Defendant are available under Rules 16(a)(1)(E) and 26.2. Preservation of rough notes is specifically requested, whether or not the Government deems them discoverable at this time. *See Arizona v. Youngblood*, 488 U.S. 51, 58 (1988); *United States v. Bufalino*, 576 F.2d 446, 449 (2d Cir. 1978); *see also* 18 U.S.C. § 3550; *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Welch*, 810 F.2d 485, 490 (5th Cir. 1987).

12) <u>Continuing Disclosure</u> The Defendant also requests the prompt disclosure of any additional evidence or materials discovered before or during trial that fall within the instant discovery request. FED. R. CRIM. P. 16(c).

Respectfully Submitted,

Maureen Scott Franco
Federal Public Defender


             /S/
REGINALDO TREJO JR.
Supervisory Assistant Federal Public Defender
Western District of Texas
Richard C. White Federal Building
700 E. San Antonio, D-401
El Paso, Texas  79901
(915) 534-6525
*Attorney for Defendant*


**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of June, 2017,  I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system which will send notification of such filing to the following: AUSA, Adrian Gallegos , Office of the U.S. Attorney, Richard C. White Building, 700 E. San Antonio, Suite 200, El Paso, TX 79901.


             /S/
REGINALDO TREJO JR.
*Attorney for Defendant*